**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| JUSTIN YANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-1410 |
| | ) | |
| J.H., KIM MCCORMICK, MARJORIE | ) | |
| GREUTTER, in her individual capacity, | ) | |
| and EAST PEORIA THE BOARD OF | ) | |
| TRUSTEES OF THE COMMUNITY | ) | |
| HIGH SCHOOL DISTRICT | ) | |
| 309, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT J.H.'S MEMORANDUM OF LAW IN SUPPORT OF ITS

### RULE 12(b)(6) MOTION TO DISMISS COUNT II AND III

### OF PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES, Defendant, J.H., a minor, by and through her attorneys, HALL & RUSTOM, L.L.C. and for her Memorandum of Law in Support of her Motion to Dismiss Count II (Alleging Defamation) and Count III (Alleging Intentional Infliction of Emotional Distress) of Plaintiff's Second Amended Complaint, states as follows:

### INTRODUCTION

Plaintiff, Justin Yang, resigned from his employment with East Peoria Community High School District 309 after allegations of inappropriate conduct and "grooming" behavior were made against him. It is alleged Defendant J.H., a minor, was groomed by Plaintiff while he was an English teacher of hers. Following an investigation from the East Peoria School District administration, and further allegations brought to the attention of the administration by seven other students, Plaintiff voluntarily resigned his employment.

On its face, Plaintiff's Second Amended Complaint sets forth wildly inappropriate, astonishing and repeated statements and inappropriate engagements with high school students that are entirely unacceptable by any societal standard. If taken as true, it is without reservation that Plaintiff victimized Defendant J.H., a minor, during his tenure as her teacher in 2022. Plaintiff has the audacity to groom the young child while she was an impressionable 15-year-old student of his, and now adds insult to injury by suing her in federal court to seemingly bolster his claim against his former employer – East Peoria School District. For the reasons set forth below, public policy, Illinois case law precedent and legislative intent supporting the statutes set forth herein, dictates Plaintiff be prevented from profiting from his bad acts, and in so doing, re-traumatizing Defendant J.H., a minor, all over again. On its face, the allegations of defamatory statements under Count II, which also serve as the foundation of Plaintiff's Count III for Intentional Infliction of Emotional Distress, are protected communications as absolute privilege and protected reports of Plaintiff's grooming and sexual misconduct toward Defendant J.H., a minor.

Count II for Defamation and Count III for Intentional Infliction of Emotional Distress should be dismissed with prejudice.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss is proper where a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of the motion, a court must accept as true all well-pled allegations contained in the complaint and draw all inferences in the light most favorable to the non-moving party. *Estate of Davis v. Wells Fargo Bank,* 633 F.3d 529, 533 (7th Cir. 2011). However, to survive a motion to dismiss under 12(b)(6), the complaint must "plausibly suggest that the plaintiff has a right to relief, and allegations raise the possibility of a right to relief above a 'speculative level.'" *EEOC v. Concentra Health Svs., Inc.,* 496 F.3d 773, 777 (7th Cir. 2007), *citing Bell Atlantic C01p. v. Twombly,* 550 U.S. 544, 555 (2007). Because Plaintiff has not pled any allegations giving rise to the possibility of a right to relief, his Complaint should be dismissed under Rule 12(b)(6).

## ARGUMENT

I.      PLAINTIFF'S COUNTS II (DEFAMATION) AND III (INTENTIONAL INFLICTION OF EMOTION DISTRESS) MUST BE DISMISSED AS TO DEFENDANT, J.H., A MINOR, IN THAT A VICTIM'S REPORTING OF PLAINTIFF'S GROOMING BEHAVIOR AND SEXUAL MISCONDUCT ARE AFFORDED ABSOLUTE PRIVILEGE.

Paragraph 50 of Plaintiff's Second Amended Complaint incorrectly asserts Defendant J.H.'s "statements were made and published without a recognized privilege." The Second Amended Complaint does correctly provide, however, Defendant J.H.'s reporting to school district officials of Plaintiff's grooming tactics and sexual misconduct was all done pursuant to the mandated provisions of the Illinois School Code, 105 ILCS 5/10-21.9 (see paragraph 37 of Plaintiff's Second Amended Complaint).

Illinois case law provides that students' reports of such sexual misconduct are afforded absolute privilege. In *Razavi v. School of the Art Institute of Chicago*, 2018 IL App (1st) 171409, 122 N.E.3d 361 (1st Dist. 2018), the Illinois Appellate Court, held that statements made by female students to private institution authorities and agents during an investigation into the sexual assault and misconduct by a male student were protected by absolute privilege. The facts in *Razavi*, originate from reports by two (2) female students to campus security, the school's dean of student affairs, and campus security director that the plaintiff, a male student, had engaged in acts of harassment and sexual misconduct against the female students. *Id* at 365. A meeting was held before the school's student conduct board wherein the board found that the plaintiff committed multiple violations of the school's rules of conduct, including sexual assault and harassment, as a result was expelled from the school. *Id.* The plaintiff filed a lawsuit against the female students wherein he alleged that they had "falsely reported to campus security and [the school] that he had committed sexual assault, stalking and other sexual misconduct." *Id.* The two female students each filed motions to dismiss and argued that such reports of sexual misconduct to the school were protected by either *absolute or qualified privilege*. Through a series of appeals in the same case, ultimate issue became whether absolute privilege of such reports extended only to law enforcement and campus security officials *or* whether absolute privilege extended to such reports to all school officials. *Id.*

In finding that reporting sexual misconduct to school officials was afforded absolute privilege, the *Rizavi* Court described the policy and principle behind it, as follows:

> [W]here absolute privilege is granted, no cause of action for defamation lies against the person making the statement, *even if* it is made with malice. … A communication is absolutely privileged when its propagation is so much in the public interest that the publisher should speak fully and fearlessly. This is because, as a matter of public policy, the person making the defamatory statement should not be deterred from speaking by the threat of civil liability. … In other words, the defense of absolute privilege rests on the idea that conduct, which otherwise would be actionable, must escape liability because the defendant is acting in furtherance of some socially important interest, like the investigation of an alleged crime, that is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation. The privilege is based on a policy that regards the ends to be gained by permitting such statements as outweighing the harm which may be done to the reputation of others.

*Id* at 368 (internal citations omitted). The Appellate Court further examined the reasoning contained in the Restatement (Second) of Torts finding that certain individuals, due to their special position or status, in pertinent part:

> [S]hould be as free as possible from fear that their actions in that position might have an adverse effect upon their own personal interests. To accomplish this, it is necessary for them to be protected not only from civil liability but also from the danger of even an unsuccessful civil action. To this end, it is necessary that the propriety of their conduct not be inquired into indirectly by either court or jury in civil proceedings brought against them for misconduct in their position. ***Therefore the privilege, or immunity, is absolute and the protection that it affords is complete***."

*Id,* citing Restatement (Second) of Torts, ch. 25, topic 2, tit. B, intro. note, at 243 (1977) (Emphasis added).

The *Razavi* court continued that absolute privilege, "embraces actions required or permitted by law in the courts of judicial or quasi-judicial proceedings, as well as actions 'necessarily preliminary' to judicial or quasi-judicial proceedings." *Id* at 368-369 (internal citations omitted).

The Court next focused on both the legal requirement, as well as the school policy, which mandated the investigation of the sexual misconduct allegations and the plaintiff's expulsion hearing conducted by the school. The Court found that the school's student handbook's policy on sexual assault and stalking was adopted in accordance with federal law, 20 USC 1092(f) commonly

referred to as the Campus Save Act, both of which was enacted to encourage "greater transparency" and "enhance the victims' information and rights and add requirements for educational institutions to address sexual violence on campus." *Id* at 369. The Appellate Court found that the female victims' disclosure of the sexual misconduct and stalking, that ultimately led to the expulsion of the male student was done so within the confines of the law and school policy such that ***victims' statements were afforded absolute privilege***. (Emphasis added).

It held, "Given [the school's] policy, which was implemented as required by federal law, and Illinois precedent, as well as the Restatement (Second) of Torts, ***we conclude that the victims' alleged defamatory restatements to [school] authorities and agents about the claimed sexual assault and misconduct were absolutely privileged.***" *Id*. at 371 (Emphasis added). In extending absolute privilege to the reporting of sexual assault and misconduct beyond the initial report to law enforcement personnel, the Court reasoned:

> It would make little sense, then, to hold the initial report of the crime / misconduct to campus security absolutely privileged but not the repeated allegations made in furtherance of the investigation. In this case, while the investigation itself was not quasi-judicial, we find it's enough that it emerged out of a fully protected initial report. In congruity with [Illinois Precedent], the investigation by both campus security and SAIC officials constitutes a continuum requiring the same level of absolute privilege to be applied throughout the investigation and resolution of the complaint, including at the disciplinary proceeding.

*Id* at 373.

In this case, Plaintiff alleges three identifiable statements allegedly made by Defendant J.H., a minor. Two of the alleged statements were verbal and one written via a social media post. Without considering whether the statement was in fact made or authored by Defendant J.H., a minor, and assuming on its face, these statements were in fact made, Illinois law nevertheless affords an absolute privilege to the three aforementioned alleged statements as they constitute claimed sexual misconduct or grooming by Plaintiff, as defined under Illinois law.

Specifically speaking, Plaintiff alleges the following in his Second Amended Complaint:

"a. J.H. said Yang would talk during second period about his wife not wanting him sexually anymore." See paragraph 21(a) of Plaintiff's Second Amended Complaint.

b. J.H. said she was nervous because what Yang had said and done was inappropriate, creepy and made her uncomfortable to be in the room with him." See paragraph 21(a) and (b) of Plaintiff's Second Amended Complaint.

"On or about December 12, 2022, Yang went to Grueter because J.H. had been posting on Instagram that he was a pedophile."  See paragraph 22 of Plaintiff's Second Amended Complaint.

It is incontrovertible these three alleged statements (hereinafter referred to herein as "Alleged Statements") constitute grooming under the 105 ILCS 5/22-85.5(c), defining Sexual Misconduct as:

> (c) In this Section, "sexual misconduct" means any act, including, but not limited to, any verbal, nonverbal, written, or electronic communication or physical activity, by an employee or agent of the school district, charter school, or nonpublic school with direct contact with a student that is directed toward or with a student to establish a romantic or sexual relationship with the student. Such an act includes, but is not limited to, any of the following:
>
>> (1) A sexual or romantic invitation.
>> (2) Dating or soliciting a date.
>> (3) Engaging in sexualized or romantic dialog.
>> (4) Making sexually suggestive comments that are directed toward or with a student.
>> (5) Self-disclosure or physical exposure of a sexual, romantic, or erotic nature.
>> (6) A sexual, indecent, romantic, or erotic contact with the student.

105 ILCS 5/22-85.5 (c).  More specifically, the Alleged Statements violate subsections (c)(3) (engaging in sexual or romantic dialog), (c)(4) (making sexually suggestive comments directed toward a student), and (c)(5) (Self-disclosure of a sexual, romantic or erotic nature).

Just as with the *Rizavi* case, the Alleged Statements, assuming arguendo Defendant J.H., a minor, in fact communicated them, are absolutely privileged.  Just like in the *Rizavi* case, Defendant J.H. purportedly made statements to East Peoria High School officials, within judicial or quasi-judicial proceedings, which is within the confines of Illinois law related to reporting sexual misconduct or grooming (See 105 ILCS 5/22-85(c), which sets forth detailed guidelines for school administration investigating reports of child sexual misconduct and grooming, including reporting to DCFS and law enforcement agency, making up a local multidisciplinary team).

All three of the Alleged Statements fall within the absolute privilege as they all, assuming Defendant, J.H., a minor, communicated or authored them at all, were made within the school's investigation of Plaintiff's grooming of J.H., and apparently alongside many other female students. The *Rizavi* Court was adamant about protecting the rights of victims of sexual misconduct the right to report to authoritative figures about the claimed sexual misconduct.  The *Rizavi* Court reasoned:

> Given [the school's] policy, which was implemented as required by federal law, and Illinois precedent, as well as the Restatement (Second) of Torts, ***we conclude that the victims' alleged defamatory restatements to [school] authorities and agents about the claimed sexual assault and misconduct were absolutely privileged.***

*Rizavi, 122 N.E. 3d* at 371 (Emphasis added).

The same reasoning applies here, and further prevents Plaintiff from further victimizing Defendant J.H., a minor, all over again.  Plaintiff had the audacity to groom Defendant J.H., a minor, while she was an impressionable 15-year-old student of his, and now adds insult to injury by suing her in federal court to seemingly bolster his claim against his former employer – East Peoria School District.  Taken in context, public policy, Illinois precedent and legislative intent supporting the statutes set forth above, dictates Plaintiff be prevented from profiting from his bad acts, and in so doing, re-traumatizing Defendant J.H., a minor, all over again.

II.      PLAINTIFF'S COUNTS II (DEFAMATION) and III (INTENTIONAL INFLICTION OF EMOTION DISTRESS) MUST BE DISMISSED AS TO DEFENDANT, J.H., A MINOR, AS THE SECOND AMENDEND COMPLAINT FAILS TO ALLEGE SPECIFIC FACTS ATTRIBUTABLE TO STATEMENTS MADE BY DEFENDANT, J.H., A MINOR

Plaintiff's Second Amended Complaint alleges eleven separate statements either made by Defendant J.H., a minor, or reports made by unnamed third parties of sexually charged or inappropriate comments attributable to Plaintiff.  See paragraph 21 (a) thru (j) and paragraph 22 of Plaintiff's Second Amended Complaint.

Of the eleven alleged statements, only three, the Alleged Statements highlighted above, are even remotely alleged to be authored or communicated directly by Defendant J.H., a minor. The remaining eight statements were alleged to be made by other unnamed persons – Plaintiff

alluding to the notion the unnamed persons were other students at East Peoria High School.

Count II for Defamation cobbles all eleven statements together, without further detail, and claims they were made by Defendant J.H., a minor. See paragraph 49 of the Second Amended Complaint characterizing as "The statements made by J.H. are false."

A few key elements of defamation under Illinois law is the publication of a false statement that injures the reputation of a plaintiff. On its face, the Second Amended Complaint does not credit Defendant J.H., a minor, with statements listed in paragraphs 21 (c) thru (j). The best Plaintiff can do, is allege J.H "asked and accompanied other students to make false complaints about Yang." See paragraph 21. Even if true, on its face, this allegation fails related to 21 (c) thru (j) as they are not attributable to Defendant J.H., a minor. If Plaintiff is somehow setting forth an argument for some sort of conspiracy to defame amongst seven other students of East Peoria High School – such an claim is not recognized in Illinois law. For these reasons, paragraphs 21 (c) thru (j) should be dismissed as a basis for both Count II and Count III.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs Count II and Count III of Plaintiffs Second Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendant J.H., a minor, should be dismissed from this action.

Respectfully Submitted,

_____
Attorney for Defendant J.H., A Minor

FADI B. RUSTOM
HALL & RUSTOM, L.L.C.
316 SW Washington St., Ste 1A Peoria,
Illinois 61611
PHONE: (309) 699-4691
FAX: (309) 699-4693
ARDC#: 6287258
Email: *rustom@hallrustom.com*

### CERTIFICATE OF SERVICE

I, FADI B. RUSTOM, an attorney, hereby certify that on June 28, 2024, I served Defendant

J.H.'s, A Minor, Memorandum in Support of Its Rule 12(b)(6) Motion to Dismiss by causing a

true and accurate copy of such papers to be filed and served on all counsel of record via the Court's

*CMIECF* electronic filing system.

Respectfully Submitted,

_____
Attorney for Defendant J.H., A Minor

FADI B. RUSTOM
HALL & RUSTOM, L.L.C.
316 SW Washington St., Ste 1A
Peoria, Illinois 61611
PHONE: (309) 699-4691
FAX: (309) 699-4693
ARDC#: 6287258
Email: *rustom@hallrustom.com*